UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAI DAVID ORTIZ, also known as
JAYSON TORRES,

                Plaintiff,

-against-

SUPERINTENDENT WARREN BARKLEY,

                Defendant.

05 Civ. 5897 (RJH)

**MEMORANDUM OPINION AND ORDER**

---

      In his Objections to Magistrate Judge Eaton's Report & Recommendation ("Report"), which petitioner filed with this Court on December 8, 2006, petitioner stated that he "recently learned that the New York State Department of Correctional Services ("NYDOCS") has enhanced [his] sentence to include five (5) years of PRS [post-release supervision]." (Obj. 18.) Petitioner asked the Court to remove the period of post-release supervision from his sentence, or, in the alternative, to hold petitioner's exhausted claims in abeyance so that petitioner can exhaust this new claim in state court. Respondent informed the Court by letter dated June 4, 2007, that he does not oppose a stay. For the reasons set forth below, petitioner's motion to stay the petition and hold in abeyance his exhausted claims is granted.

      "Under Second Circuit law, a court faced with a mixed petition must determine whether it is appropriate, on one hand, to dismiss the petition in its entirety, or, on the other, to dismiss the unexhausted claims, pending further state proceedings, while staying action on the exhausted claims." *Diaz v. Smith*, No. 04 Civ. 1337, 2004 U.S. Dist. LEXIS 20971, 2004 WL 2360140, at

\*1 (S.D.N.Y. Oct. 19, 2004); *see also Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). However, if dismissal would "jeopardize the timeliness of a collateral attack" the district court should stay the petition. *Zarvela*, 254 F.3d at 380. That is because the Court must consider both the timeliness of any subsequent petition and the limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on second or successive petitions. *Id.* at 381–82. A stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Here, it is unclear whether dismissal of the current petition would "jeopardize the timeliness of a collateral attack." *Zarvela*, 254 F.3d at 380. Although the one-year statute of limitations under the AEDPA has run,[1] petitioner may be able to bring a second petition successfully if he can show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i). In light of the risk that petitioner would not be able to satisfy this standard, however, and given the fact that the parties have agreed to a stay, the Court decides that the better course would be to

---

[1] Petitioner was denied leave to appeal to the New York Court of Appeals for issues raised on direct appeal on September 16, 2004. Because Petitioner did not file a petition for certiorari to the United States Supreme Court, his conviction became final ninety days after the New York Court of Appeals denied leave to appeal. Thus, petitioner's conviction became final on December 15, 2004. These events triggered the start of the one-year statute of limitations clock under the AEDPA. *See* 28 U.S.C. § 2244(d)(1). Subsequently, on May 17, 2005, petitioner filed a post-conviction motion in New York Supreme Court pursuant to N.Y. Crim. Proc. Law § 440, which tolled time under the AEDPA. Petitioner's federal habeas petition, which he filed on June 27, 2005, re-started the AEDPA statute of limitations clock, *see Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), meaning that petitioner had two-hundred twelve days from June 27, 2005 (i.e., until January 25, 2006) to beat the statute of limitations.

grant the stay if petitioner can show that there was good cause for his failure to exhaust his claims in state court and that his claims are not plainly meritless, *see Rhines*, 544 U.S. at 274.

Petitioner has shown good cause for failing to exhaust his claim by explaining to the Court that he only "recently learned" that his sentence included a period of post-release supervision.  Petitioner states that on November 10, 2006, in response to a Freedom of Information Request, he received a copy of his commitment papers, which do not indicate that petitioner was sentenced to post-release supervision.  (*See* Obj. 18 & Ex. A.)  On May 10, 2007, the Inmate Records Coordinator at the Wallkill Correctional Facility where petitioner is currently serving his sentence informed him that, despite the fact that his sentence does not explicitly include a period of post-release supervision, a five-year period of post-release supervision is automatically included, pursuant to New York Penal Law § 70.45.  (*See* Letter from Ortiz (May 14, 2007), attached memorandum from K. Masiello.)  The Inmate Records Coordinator also informed Ortiz that NYDOCS would not follow the Second Circuit's decision in *Earley v. Murray*, which held that the administrative addition of post-release supervision is "contrary to clearly established federal law as determined by the United States Supreme Court."  451 F.3d 71, 76 (2d Cir. 2006).  Based on petitioner's representations to this Court, the Court therefore finds that petitioner's new claim is not "plainly meritless[,]" *Rhines*, 544 U.S. at 274, although it may ultimately prove to be without merit, *see Roman v. Donelli*, No. 9:06CV0230, 2007 U.S. Dist. LEXIS 26165, 2007 WL 1074562, at *2 (N.D.N.Y. Apr. 9, 2007).  The Court will therefore grant petitioner's motion in accordance with the following conditions.

The Second Circuit has instructed that when a district court elects to stay a petition it "should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a

limited period, normally 30 days" after the state court exhaustion is complete. *Zarvela*, 254 F.3d at 380. In accordance with the Second Circuit's decision in *Zarvela*, **petitioner must file a motion to amend his Petition to include his post-release supervision claim within 30 days after he has exhausted his claim in state court.** After petitioner has amended his Petition, the Court will decide to adopt or reject the Report currently pending before the Court. Should petitioner choose not to proceed in this manner, the Court will vacate the stay *nunc pro tunc* as of the date of this Order and will proceed to review the pending Report. *Id.* at 381.

**If, for some reason, petitioner decides that he does not want to exhaust his post-release supervision claim so that this Court can review it, he must notify the Court in writing of his decision within thirty days of the date of this Order.**

SO ORDERED.

Dated: New York, New York
June 12, 2007

Richard J. Holwell
United States District Judge